# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:13-cr-198-T-30TGW

ANDREW BLANE FIELDS

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Amended Second Motion in Limine to Limit Evidence on Sex Trafficking Counts to Force, Threats of Force, Fraud, or Coercion (Dkt. #30) and the Government's Response (Dkt. #46) thereto. Upon review of the briefs and arguments of the parties, the Court concludes that the motion should be denied.

This appears to be an issue of first impression. The Government charges the Defendant with coercing minors to engage in commercial sex by threatening to withhold Oxycodone to which they were addicted. The charge is brought under 18 U.S.C. § 1591(a)(1) which requires the Government to prove the following:

>   (1)   the Defendant knowingly [recruited] [enticed] [harbored] [transported] [provided] [obtained] or [maintained] by any means [individual named in the indictment];
>
>   (2)   that the Defendant did so knowing or in reckless disregard of the fact that [means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act] [the person had not attained the age of 18 years and would be caused to engage in a commercial sec act]; and

    (3) that the Defendant's acts were in or affected [interstate] [foreign] commerce.

The issue is whether the threat of withdrawal sickness can constitute "coercion" to satisfy the second element.

  "Coercion" is defined by the statute to mean "threats of serious harm to or physical restraint against any person" or "any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person." 18 U.S.C. § 1591(e)(3). The phrase "serious harm" means:

> Any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

18 U.S.C. § 1591(e)(4).

  The Government represents that its evidence will show that the Defendant caused each of the minor victims to become addicted to Oxycodone. This addiction was so severe that each minor victim would suffer from opiate withdrawal sickness if they did not routinely take Oxycodone. The victims refer to this opiate withdrawal sickness as getting "pill sick." The victims describe being "pill sick" as experiencing a combination of painful physical and psychological symptoms such as seizures, fever, chills, cramping, vomiting, and diarrhea. The Government asserts that these victims will each testify that

they continued to engage in commercial sex activity because of their fear of getting "pill sick."

The Court concludes that this fear of severe withdrawal symptoms meets the definition of "serious harm" as defined by the Statute. Not only are the symptoms of opiate withdrawal the experience of severe physical pain, but the threat of withdrawal sickness constitutes "psychological" harm that is "sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm." 18 U.S.C. § 1591(e)(4). Having met the definition of serious harm, this fact pattern, in turn, meets the definition of "coercion."

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Amended Second Motion in Limine to Limit Evidence on Sex Trafficking Counts to Force, Threats of Force, Fraud, or Coercion (Dkt. #30) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of September, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cr-198 limine 30.docx